IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOBIUS CAPITAL INC., | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-3440-C-BK |
| | § | |
| TERRANCE MALONE, | § | |
|    Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's *Emergency Motion for Remand*, Doc. 4, has been referred to the undersigned for a recommended disposition. For the reasons stated herein, Plaintiff's motion should be **GRANTED**.

**A.     Background**

This action arises from a forcible detainer eviction proceeding initiated on November 13, 2017 in Texas state court by Plaintiff against Defendant and all occupants of the property located at 2192 Hidalgo Lane, Frisco, Texas 75034. Doc. 4-1. On November 15, 2017, Defendant was served. Doc. 4-16 at 1. On December 19, 2017, Defendant filed his Notice of Removal, invoking this District's federal question jurisdiction. Doc. 3 at 2. On December 26, 2017, Plaintiff filed the instant motion pursuant to 28 U.S.C. sec. 1447(c), moving to remand this case to state court on the grounds that, *inter alia*, its complaint presents no federal question. Doc. 4 at 2. As of this date, Defendant has not filed a response. *See* N.D. Tex. Loc. R. 7.1 ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.")

**B.     Applicable Law**

As relevant here, a civil action filed in state court may be removed to a federal district court that has original jurisdiction founded on a claim arising under the Constitution or laws of

the United States. 28 U.S.C. § 1441(b). A federal question arises if a substantial, disputed question of federal law is presented on the face of the plaintiff's "well-pleaded complaint." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Thus, generally, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law. *Id.* "[A] case does not 'arise under' federal law and is not removable if the complaint asserts only state law causes of action." *Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983)).

**C.   Analysis**

Plaintiff's Petition asserted only a traditional state law claim for forcible detainer, and thus does not assert a claim that arises under federal law. *Kramer*, 80 F.3d at 1082; *see Fannie Mae v. Song Wha Lee*, No. 3:10-CV-1047-L, 2010 WL 3025533, at *3 (N.D. Tex. July 30, 2010) (Lindsay, J.) (finding that plaintiff's forcible detainer action, which was "simply one to evict Defendants and obtain physical possession of the Property under state law[,] . . . raise[d] no federal claim or issue and provide[d] no basis for federal question jurisdiction"). Any federal question that may have been raised in Defendant's Notice of Removal is insufficient to confer jurisdiction on the court. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam) ("It is not sufficient for the federal question to be raised in the answer or in the petition for removal.") (citation omitted). Accordingly, the Court may not exercise subject matter jurisdiction over this action on the basis of a federal question.

**D.     Conclusion**

For the reasons stated herein, Plaintiff's *Emergency Motion for Remand*, Doc. 4, should be **GRANTED** and this case should be remanded to state court for lack of subject matter jurisdiction.

**SO RECOMMENDED** on January 29, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE